[No. 4678.]

ALLEN ET AL. v. WHITE, PUBLIC TRUSTEE, ET AL.

**Trusts and Trustees—Premature Suit to Establish Trust—Rents and Profits.**

Persons claiming that defendant holds land subject to a trust in favor of such of the plaintiffs as are living at the death

of A, cannot maintain a suit to have the question of the existence or non-existence of a trust declared, or to have the rents and profits impounded for their benefit until A dies, as, until such time, it can not be determined whether any of them will be living.—P. 41.

*Appeal from the District Court of Pueblo County.
Hon. N. Walter Dixon, Judge.*

Action by Si. Allen, William Allen, Thos. P. Allen, George F. Allen, J. J. Allen, Ella Adair and Alfred Allen and Grace Allen, minors, by Si. Allen, their next friend, children of Alfred Allen, deceased, against S. Harrison White, Public Trustee of Pueblo County, and H. F. Sharpless and E. I. Crockett. From a judgment for defendants, plaintiffs appeal.
*Affirmed.*

Mr. J. ED RISER and Mr. M. G. SAUNDERS, for appellants.

Mr. CHARLES E. GAST and Mr. S. H. WHITE, for appellees.

Mr. JUSTICE GODDARD delivered the opinion of the court:

On the 25th day of November, 1876, Stephen Wally executed a deed conveying lot No. 6 in block No. 58 in the town of South Pueblo to Alfred Allen, trustee, for his heirs at the death of his wife, Mary H. Allen. On the 30th day of July, A. D. 1884, Alfred Allen conveyed the property to Andrew Ruddy and, through divers *mesne* conveyances the appellee White, defendant below, became possessed of the property on the 20th day of March, 1900.

On the 20th day of May, A. D. 1896, Alfred Allen died. Mary H. Allen, his wife, is still living. The appellants, who were all the living children of Alfred Allen, deceased, instituted this action for the purpose of obtaining an adjudication that the above property is impressed with a trust in favor of the

children of the said Alfred Allen who may be living at the time of the death of the said Mary H. Allen, and that White holds the title to the property subject to this trust; for an accounting by the said White, and the appointment of a receiver to take possession and hold said property in trust for the children of Alfred Allen that may be living at the time of the death of said Mary H. Allen, and directing said receiver to hold and manage said property and hold the rents and proceeds thereof under the direction of the court.

A demurrer was sustained to the complaint on the ground that it failed to state facts sufficient to constitute a cause of action, and the action was dismissed. From this judgment this appeal is prosecuted.

It is apparent from the foregoing statement that if the deed to Allen created a trust, it continues until the death of Mary H. Allen, and cannot be terminated until that event occurs.—2 Perry on Trusts (4th ed.), sec. 920; *Shaffer v. Wadsworth,* 106 Mass. 19; *Prentice v. Hall,* 106 Mass. 597. And that said trust will inure to the benefit of such of the *cestuis que trust* only as may be living at the time this contingency shall happen. It is clear that it cannot now be determined whether any of them will be living at that time. This furnishes a conclusive reason why we should not now determine the question as to the existence or non-existence of the trust. It is also evident that in these circumstances the plaintiffs are not now entitled to receive the rents and profits of the property or to have them impounded for their benefit.

The judgment dismissing the action will therefore be affirmed.                    *Affirmed.*

CHIEF JUSTICE GABBERT and Mr. JUSTICE BAILEY concur.